**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1538
_____

UNITED STATES OF AMERICA

v.

MARCELLO WHYTE,
                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:17-cr-00045-001)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2025
Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marcello Whyte appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his motion for sentencing relief under 18 U.S.C. § 3582(c)(2). We will summarily affirm.

Whyte pled guilty in January 2019 to a single count of interstate travel in aid of drug trafficking in violation of 18 U.S.C. § 1952. He subsequently absconded, avoiding apprehension until March 2024. At his sentencing hearing that August, Whyte, through counsel, objected to the presentence report for adding two criminal history points (for a total of eight) because he committed his offense while on supervision for a prior conviction. Whyte grounded his objection in an amendment to the United States Sentencing Guidelines that took effect in November 2023; that amendment eliminated both "status points" for offenders who otherwise had fewer than seven criminal history points. See U.S. SENTENCING COMM'N, *Amendment 821*, available at https://www.ussc.gov/guidelines/amendment/821.

The District Court overruled Whyte's objection. Given the length of time that had elapsed since Whyte's guilty plea—during which the Sentencing Guidelines underwent certain revisions that would have subjected him to a higher guideline range as a career offender—the court explained that, to avoid an *ex post facto* violation, Whyte's advisory range would be calculated using the guidelines manual in effect when he committed his offense in 2016, which predated Amendment 821. The court sentenced Whyte to 60 months' imprisonment, the top of his guideline range and the statutory maximum for his offense. Whyte did not appeal. Instead, he filed a *pro se* motion to reduce his sentence under Section 3582(c)(2) and Amendment 821. The District Court denied his motion for

2

the reasons stated at sentencing. Whyte appeals, and the United States has timely moved for summary affirmance and to stay issuance of the briefing schedule.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we generally review a District Court's denial of relief under Section 3582(c)(2) for abuse of discretion. United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Whyte's appeal does not present a substantial question. Section 3582(c)(2) authorizes District Courts to reduce a defendant's sentence if the defendant "*had been sentenced* to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). That Whyte was sentenced using a guidelines manual that predated Amendment 821 is of no moment. He is ineligible for *retroactive* relief under that amendment and Section 3582(c)(2) because he was sentenced in August 2024—nearly one year after the amendment took effect. Whyte could have challenged his sentence on direct appeal, see 18 U.S.C. § 3742(a), but he did not. We grant the government's motion and will summarily affirm the District Court's order denying sentencing relief.